1611-CC00521

Electronically Filed - St Charles Circuit Div - June 09, 2016 - 11:03 AM

**IN THE MISSOURI CIRCUIT COURT
FOR THE ELEVENTH JUDICIAL CIRCUIT
COUNTY OF ST. CHARLES**

| | |
|---|---|
| S & A TIRE AND AUTO, INC. d/b/a/ ELLISVILLE FIRESTONE, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>A.U.L. CORP., )<br>)<br>Serve: )<br>National Registered Agents, )<br>Inc. )<br>120 South Central Avenue )<br>Clayton, MO 63105 )<br>)<br>and )<br>)<br>JOHN DOES 1-10, )<br>)<br>Defendants. ) | JURY TRIAL DEMANDED |

## CLASS ACTION JUNK-FAX PETITION

Plaintiff S & A Tire and Auto, Inc. d/b/a Ellisville Firestone brings this junk-fax class action, on behalf of itself and all others similarly situated, against Defendants A.U.L. Corp. and John Does 1-10 under the Telephone Consumer Protection Act of 1991, as amended by the Junk Fax Prevention Act of 2005, 47 U.S.C. § 227, and the regulations promulgated thereunder (TCPA).

### PARTIES, JURISDICTION, AND VENUE

1. Plaintiff S & A Tire and Auto, Inc. d/b/a Ellisville Firestone is a Missouri corporation with its principal place of business in Ellisville, Missouri.

2. Defendant A.U.L. Corp. is a California corporation with its

**EXHIBIT 1**

1

principal place of business in Napa, California, and is registered with the Missouri Secretary of State to transact business in Missouri.

3. Defendant A.U.L. Corp.'s website describes as follows what the Defendant A.U.L. Corp. does:

> **Service Contracts. It's what we do.®** ▶
>
> Welcome! AUL is the premier service contract administrator in America. We believe the way to achieve this is by providing the highest level of service in the industry.

http://www.aulcorp.com/ (last visited June 8, 2016).

4. John Does 1-10 are not presently known and will be identified through discovery.

5. This Court has personal jurisdiction over Defendant A.U.L. Corp. under 47 U.S.C. § 227(b)(3), because it sent at least one illegal fax into Missouri, it transacts business within this state, it has made contracts within this state, and it has committed tortious acts within this state, including conversion of fax recipients' paper, ink, and toner.

6. Venue is proper under Missouri Revised Statutes § 508.010.2.

**THE FAX**

7. On April 27, 2016, Defendants used a telephone facsimile machine, computer, or other device to send to Plaintiff's telephone facsimile machine at (636) 405-2922 an unsolicited advertisement, a true and accurate copy of which is attached as **Exhibit 1** (Fax).

2

Electronically Filed - St Charles Circuit Div - June 09, 2016 - 11:03 AM

8. Pleading in the alternative to the previous paragraph, Plaintiff alleges that the Fax was sent on behalf of Defendants.

9. Plaintiff received the Fax through Plaintiff's facsimile machine.

10. The Fax lacked an opt-out notice.

11. The Fax constitutes material advertising quality or commercial availability of any property, goods, or services.

12. The Fax advertised the commercial availability of Defendant A.U.L. Corp.'s "Online Claims" submission service and states:

**Online Claims available to all licensed repair facilities!**

13. The Fax advertised the quality of Defendant A.U.L. Corp.'s "Online Claims" submission service and states:

**Fast, secure, and, convenient**

14. Defendants have sent other facsimile transmissions of material advertising the quality or commercial availability of property, goods, or services to Plaintiff—including another one on April 27, 2016—and on information and belief to at least 40 other persons as part of a plan to broadcast fax advertisements, of which the Fax is an example, or, alternatively, the Fax was sent on behalf of Defendants.

15. Defendants approved, authorized and participated in the scheme to broadcast fax advertisements by (a) directing a list to be purchased or assembled, (b) directing and supervising employees or third parties to send the faxes, (c)

3

creating and approving the fax form to be sent, and (d) determining the number and frequency of the facsimile transmissions.

16. Defendants had a high degree of involvement in, actual notice of, and/or ratified the unlawful fax broadcasting activity and failed to take steps to prevent such facsimile transmissions.

17. Defendants created, made, and/or ratified the sending of the Fax and other similar or identical facsimile advertisements, which Defendants sent to Plaintiff and to other members of the "Class" as defined below.

18. The Fax, and the other similar or identical facsimile advertisements, sent by and/or on behalf of Defendants, is part of Defendants' work or operations to market Defendants' products, goods, or services.

19. The Fax and the other facsimile advertisements constitute material furnished in connection with Defendants' work or operations.

20. The Fax sent to Plaintiff, and the other facsimile advertisements sent by Defendants, lacked a notice informing the recipient of the ability and means to avoid future unsolicited advertisements.

21. Under the TCPA and 47 C.F.R. § 64.1200(a)(3)(iii), the opt-out notice required for all facsimile advertisements must meet the following criteria:

(A) The notice is clear and conspicuous and on the first page of the advertisement;

(B) The notice states that the recipient may make a request to the sender of the advertisement not to send any future advertisements to a telephone facsimile machine or machines and that failure to comply, within 30 days, with such a request meeting the requirements under paragraph (a)(4)(v) of this section is unlawful;

4

(C) The notice sets forth the requirements for an opt-out request under paragraph (a)(4)(v) of this section

(D) The notice includes—

    (1) A domestic contact telephone number and facsimile machine number for the recipient to transmit such a request to the sender; and

    (2) If neither the required telephone number nor facsimile machine number is a toll-free number, a separate cost-free mechanism including a Web site address or e-mail address, for a recipient to transmit a request pursuant to such notice to the sender of the advertisement. A local telephone number also shall constitute a cost-free mechanism so long as recipients are local and will not incur any long distance or other separate charges for calls made to such number; and

(E) The telephone and facsimile numbers and cost-free mechanism identified in the notice must permit an individual or business to make an opt-out request 24 hours a day, 7 days a week.

22. Senders of fax ads must include certain information in an opt-out notice on the fax, even if the recipient previously agreed to receive fax ads from such senders. *See* 47 C.F.R. § 64.1200(a)(4)(iv).

23. Senders of fax ads must fully comply with the opt-out notice requirements of 47 C.F.R. § 64.1200(a)(4)(iii).

24. The Fax and Defendants' similar facsimile advertisements lacked a notice stating that the recipient may make a request to the sender of the advertisement not to send future advertisements to a telephone facsimile machine or machines and that failure to comply, within 30 days, with such a request meeting 47 C.F.R. § 64.1200(a)(4)(v)'s requirements is unlawful.

25. The transmissions of facsimile advertisements, including the Fax, to Plaintiff, lacked a notice that complied with 47 U.S.C. § 227(b)(1)(C) and 47 C.F.R. § 64.1200(a)(4)(iii).

26. On information and belief, Defendants faxed the same or other substantially similar facsimile advertisements to the members of the Class in Missouri and throughout the United States without first obtaining the recipients' prior express invitation or permission.

27. There is no reasonable means for Plaintiff or other Class members to avoid receiving unlawful faxes while continuing to receive lawful faxes.

28. Defendants violated the TCPA by transmitting the Fax to Plaintiff and to the Class members without obtaining their prior express invitation or permission and by not displaying the proper opt-out notice required by 47 C.F.R. § 64.1200(a)(4).

29. Defendants knew or should have known that (a) facsimile advertisements, including the Fax, were advertisements, (b) Plaintiff and the other Class members had not given their prior invitation or permission to receive facsimile advertisements, (c) no established business relationship existed with Plaintiff and the other Class members, and (d) Defendants' facsimile advertisements did not display a proper opt-out notice.

30. Defendants failed to determine correctly the legal restrictions on the use of facsimile transmissions and the application of those restrictions to facsimile advertisements, including the Fax, both to Plaintiff and the Class.

6

Electronically Filed - St Charles Circuit Div - June 09, 2016 - 11:03 AM

31. Pleading in the alternative to the allegations that Defendants knowingly violated the TCPA, Plaintiff alleges that Defendants did not intend to send transmissions of facsimile advertisements, including the Fax, to any person where such transmission was not authorized by law or by the recipient, and to the extent that any transmissions of facsimile advertisement was sent to any person and such transmission was not authorized by law or by the recipient, such transmission was made based on either Defendants' own understanding of the law and/or based on the representations of others on which Defendants reasonably relied.

32. The transmissions of facsimile advertisements, including the Fax, to Plaintiff and the Class caused unwanted use and destruction of their property, including toner or ink and paper, and caused undesired wear on hardware, interfered with the recipients' exclusive use of their property, occupied the recipients' fax lines, and interfered with their business and/or personal communications and privacy interests.

## CLASS ACTION ALLEGATIONS

33. Plaintiff brings this class action on behalf of the following class of persons, hereafter, the "Class":

> All persons in the United States who on or after four years prior to the filing of this action, (1) were sent by or on behalf of Defendants a telephone facsimile message of material advertising the commercial availability or quality of any property, goods, or services, (2) with respect to whom Defendants cannot provide evidence of prior express invitation or permission for the sending of such faxes, and (3) either (a) with whom Defendants did not have an established business relationship, or (b) the fax identified in subpart (1) of this definition (i) did not display a clear and conspicuous opt-out notice on the first page stating that the recipient may make a request to the sender of the advertisement not to send any future advertisements to a telephone facsimile machine or machines and that failure to comply, within 30 days, with such a request meeting the requirements under 47 C.F.R. § 64.1200(a)(4)(v) is unlawful, (ii) lacked a telephone number for sending the opt-out request, or (iii) lacked a facsimile number for sending the opt-out request.

34. Excluded from the Class are Defendants, their employees, agents, and members of the judiciary.

35. This case is appropriate as a class action because:

a. <u>Numerosity.</u>  On information and belief, based in part on review of the sophisticated Fax and online research, the Class includes at least 40 persons and is so numerous that joinder of all members is impracticable.

b. <u>Commonality.</u>  Questions of fact or law common to the Class predominate over questions affecting only individual Class members, e.g.:

i. Whether Defendants engaged in a pattern of sending unsolicited fax advertisements;
ii. Whether the Fax, and other faxes transmitted by or on behalf of Defendants, contains material advertising the commercial availability of any property, goods or services;

iii. Whether the Fax, and other faxes transmitted by or on behalf of Defendants, contains material advertising the quality of any property, goods or services;
iv. The manner and method Defendants used to compile or obtain the list of fax numbers to which Defendants sent the Fax and other unsolicited faxed advertisements;
v. Whether Defendants faxed advertisements without first obtaining the recipients' prior express invitation or permission;
vi. Whether Defendants violated 47 U.S.C. § 227;
vii. Whether Defendants willingly or knowingly violated 47 U.S.C. § 227;
viii. Whether Defendants violated 47 C.F.R. § 64.1200;
ix. Whether the Fax, and the other fax advertisements sent by or on behalf of Defendants, displayed the proper opt-out notice required by 47 C.F.R. § 64.1200(a)(4);
x. Whether the Court should award statutory damages per TCPA violation per fax;
xi. Whether the Court should award treble damages per TCPA violation per fax; and
xii. Whether the Court should enjoin Defendants from sending TCPA-violating facsimile advertisements in the future.

c. <u>Typicality.</u>  Plaintiff's claim is typical of the other Class members' claims, because, on information and belief, the Fax was substantially the same as the faxes sent by or on behalf of Defendants to the Class, and Plaintiff is making the same claim and seeking the same relief for itself and all Class members based on the same statute and regulation.

d. <u>Adequacy.</u>  Plaintiff will fairly and adequately protect the interests of the other Class members.  Plaintiff's counsel are experienced in class actions and TCPA claims.  Neither Plaintiff nor Plaintiff's counsel has interests adverse or in conflict with the absent Class members.

e. <u>Superiority.</u>  A class action is the superior method for adjudicating this controversy fairly and efficiently. The interest of each individual Class

9

member in controlling the prosecution of separate claims is small and individual actions are not economically feasible.

35. The TCPA prohibits the "use of any telephone facsimile machine, computer or other device to send an unsolicited advertisement to a telephone facsimile machine." 47 U.S.C. § 227(b)(1).

36. The TCPA defines "unsolicited advertisement," as "any material advertising the commercial availability or quality of any property, goods, or services which is transmitted to any person without that person's express invitation or permission." 47 U.S.C. § 227(a)(4).

37. The TCPA provides:

Private right of action. A person may, if otherwise permitted by the laws or rules of court of a state, bring in an appropriate court of that state:

> (A) An action based on a violation of this subsection or the regulations prescribed under this subsection to enjoin such violation,
>
> (B) An action to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater, or
>
> (C) Both such actions.

47 U.S.C. § 227(b)(3)(A)-(C).

38. The TCPA also provides that the Court, in its discretion, may treble the statutory damages if a defendant "willfully or knowingly" violated Section 227(b) or the regulations prescribed thereunder.

39. "A facsimile broadcaster will be liable for violations of [Section 64.1200(a)(4)]. . . , including the inclusion of opt-out notices on unsolicited

advertisements, if it demonstrates a high degree of involvement in, or actual notice of, the unlawful activity and fails to take steps to prevent such facsimile transmissions." 47 C.F.R. § 64.1200(a)(4)(vii).

40. Because the TCPA is a strict liability statute; Defendants are liable to Plaintiff and the Class even if Defendants only acted negligently.

41. Defendants' actions caused damage to Plaintiff and the Class, as

a. receiving Defendants' faxed advertisements caused the recipients to lose paper and toner consumed in printing Defendants' faxes;

b. Defendants' actions interfered with the recipients' use of the recipients' fax machines and telephone lines;

c. Defendants' faxes cost the recipients time, which was wasted time receiving, reviewing, and routing the unlawful faxes, and such time otherwise would have been spent on business activities; and

d. Defendants' faxes unlawfully interrupted the recipients' privacy interests in being left alone.

42. Defendants intended to cause damage to Plaintiff and the Class, to violate their privacy, to interfere with the recipients' fax machines, or to consume the recipients' valuable time with Defendants' advertisements; therefore, treble damages are warranted under 47 U.S.C. § 227(b)(3).

43. Defendants knew or should have known that (a) Plaintiff and the other Class members had not given express invitation or permission for Defendants or anyone else to fax advertisements about Defendants' property, goods, or services, (b) Defendants did not have an established business

11

Electronically Filed - St Charles Circuit Div - June 09, 2016 - 11:03 AM

relationship with Plaintiff and the other Class members, (c) the Fax and the other facsimile advertisements were advertisements, and (d) the Fax and the other facsimile advertisements did not display the proper opt-out notice.

44. Defendants violated the TCPA by transmitting the Fax to Plaintiff and substantially similar facsimile advertisements to the other Class members without obtaining their prior express invitation or permission and by not displaying the proper opt-out notice required by 47 C.F.R. § 64.1200(a)(4)(iii).

WHEREFORE, Plaintiff, individually and on behalf of all others similarly situated, demands judgment in its favor and against all Defendants, jointly and severally, as follows:

a. certify this action as a class action and appoint Plaintiff as Class representative;
b. appoint the undersigned counsel as Class counsel;
c. award damages of $500 per TCPA violation per facsimile pursuant to 47 U.S.C. § 227(a)(3)(B);
d. award treble damages of up to $1,500 per TCPA violation per facsimile pursuant to 47 U.S.C. § 227(a)(3);
e. enjoin Defendants and their contractors, agents, and employees from continuing to send TCPA-violating facsimiles pursuant to 47 U.S.C. § 227(a)(3)(A);
f. award class counsel reasonable attorneys' fees and all expenses of this action and require Defendants to pay the costs and expenses of class notice and claim administration;
g. award Plaintiff an incentive award based upon its time expended on behalf of the Class and other relevant factors;
h. award Plaintiff prejudgment interest and costs; and
i. grant Plaintiff all other relief deemed just and proper.

12

**DOCUMENT PRESERVATION DEMAND**

Plaintiff demands that Defendants take affirmative steps to preserve all records, lists, electronic databases, or other itemization of telephone or fax numbers associated with the Defendants and the communication or transmittal of advertisements as alleged herein.

Dated:  June 9, 2016

                                    SCHULTZ & ASSOCIATES LLP

                           By:  /s/ Ronald J. Eisenberg
                               Ronald J. Eisenberg, #48674
                               Robert Schultz, #35329
                               640 Cepi Drive, Suite A
                               Chesterfield, MO 63005
                               636-537-4645
                               Fax:  636-537-2599
                               reisenberg@sl-lawyers.com
                               rschultz@sl-lawyers.com

                               *Attorneys for Plaintiff*

'm:Aul Corp    To: 16364052922              27 16 GMT-04
Case: 4:16-cv-01130-DDN   Doc. #: 1-1   Filed: 07/19/16   Page: 14 of 18 PageID #: 18

1611-CC00521

Electronically Filed - St Charles Circuit Div - June 09, 2016 - 11:03 AM



Service Contracts, It's what we do.
aulcorp.com

# Online Claims available to all licensed repair facilities!

Hi Everyone,

We now have 24/7/365 Online Claims available to all licensed repair facilities. This new feature available is a great tool for service departments to stay off the phone and stay in front of their customers.

Visit aulcorp.com and click on the "Online Claims" icon located at the top right to register today!



Questions contact AUL Web Support now for a web demonstration at
800.826.3204, Ext 460 or at websupport@aulcorp.com.

Some good things to know about AUL Online Claims:

- Fast, secure, and, convenient way of filing AUL claims
- Available online 24/7, no need to get on the phone
- Smart phone or tablet capabilities
- Easy access to view, edit or print claims submitted
- Upload supporting pictures or files
- Ability to create online claims accounts for employees, giving you the opportunity to view all your AUL Claims in one place

Thank you,

AUL Corp.

Copyright © 2016 AUL CORP. All rights reserved. Our mailing address is:
1250 Main St #300, Napa, CA 94559

Ex. 1



# IN THE 11TH JUDICIAL CIRCUIT COURT, ST. CHARLES COUNTY, MISSOURI

| Judge or Division:<br>RICHARD KEVIN ZERR | Case Number: 1611-CC00521 | |
|---|---|---|
| Plaintiff/Petitioner:<br>S & A TIRE AND AUTO, INC. D/B/A ELLISVILLE FIRESTONE<br>vs. | Plaintiff's/Petitioner's Attorney/Address<br>RONALD JAY EISENBERG<br>640 CEPI DRIVE SUITE A<br>CHESTERFIELD, MO  63005 | |
| Defendant/Respondent:<br>A.U.L. CORP. | Court Address:<br>300 N 2nd STREET<br>SAINT CHARLES, MO  63301 | |
| Nature of Suit:<br>CC Other Miscellaneous Actions | | (Date File Stamp) |

## Summons in Civil Case

**The State of Missouri to:** A.U.L. CORP.
**Alias:**

NATIONAL REG. AGENTS, INC
120 SOUTH CENTRAL AVENUE
CLAYTON, MO  63105

*COURT SEAL OF*

*ST. CHARLES COUNTY*

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for Plaintiff/Petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

_____6/10/2016_____         _____/S/ Judy Zerr_____
Date                                                                                  Clerk

Further Information:

### Sheriff's or Server's Return

**Note to serving officer:** Summons should be returned to the court within thirty days after the date of issue.
I certify that I have served the above summons by: (check one)
☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.
☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with _____ a person of the Defendant's/Respondent's family over the age of 15 years.
☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to
_____ (name) _____(title).
☐ other _____.
Served at _____ (address)
in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____                   _____
Printed Name of Sheriff or Server                                                Signature of Sheriff or Server

**Must be sworn before a notary public if not served by an authorized officer:**

*(Seal)*   Subscribed and sworn to before me on _____ (date).
My commission expires: _____   _____
                                                Date                                                Notary Public

**Sheriff's Fees**
| | |
|---|---|
| Summons | $_____ |
| Non Est | $_____ |
| Sheriff's Deputy Salary Supplemental Surcharge | $_____10.00_____ |
| Mileage | $_____ (_____ miles @ $._____ per mile) |
| **Total** | $_____ |

A copy of the summons and a copy of the petition must be served on **each** Defendant/Respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

OSCA (7-08) SM30 (SMCC) *For Court Use Only:* **Document Id # 16-SMCC-1001**          1  of  1          Civil Procedure Form No. 1, Rules 54.01 – 54.05,
                                                                                                                                                54.13, and 54.20; 506.120 – 506.140, and 506.150 RSMo

STATE OF MISSOURI            )
                             ) ss.
ST. CHARLES COUNTY, MISSOURI )

## IN THE CIRCUIT COURT OF ST. CHARLES COUNTY, MISSOURI

### NOTICE OF ALTERNATIVE DISPUTE RESOLUTION SERVICES

Pursuant to Missouri Supreme Court Rule 17, the Circuit Court of St. Charles County, Missouri (Eleventh Judicial Circuit) has adopted a local rule to encourage voluntary alternative dispute resolution.  The purpose of the rule and the program it establishes is to foster timely, economical, fair and voluntary settlements of lawsuits without delaying or interfering with a party's right to resolve a lawsuit by trial.

This program applies to all civil actions other than cases in the small claims, probate and family court divisions of the Circuit Court, and you are hereby notified that it is available to you in this case.

The program encourages the voluntary early resolution of disputes through mediation.  Mediation is an informal non-binding alternative dispute resolution process in which a trained mediator facilitates discussions and negotiations among the parties to help them resolve their dispute.  The mediator is impartial and has no authority to render a decision or impose a resolution on the parties.   During the course of the mediation, the mediator may meet with the parties together and separately to discuss the dispute, to explore the parties' interests, and to stimulate ideas for resolution of the dispute.

A list of mediators approved by the court and information regarding their qualifications is kept by the Circuit Clerk's Office.  If all parties to the suit agree to mediation, within ten days after they have filed the Consent to Mediation Form on the reverse side of this page with the Clerk of the Court, they shall jointly select from that list a mediator who is willing and available to serve.  If the parties cannot agree upon the mediator to be selected, the Court will make the selection.

The full text of the Circuit Court's local court rules, including Rule 38 Alternative Dispute Resolution, is available from the Clerk of the Circuit Court or at: http://www.courts.mo.gov/hosted/circuit11/Documents/LOCAL_COURT_RULES.pdf

A copy of this Notice is to be provided by the Clerk of the Circuit Court to each of the parties initiating the suit at the time it is filed, and a copy is to be served on each other party in the suit with the summons and petition served on that party.

| | |
|---|---|
| STATE OF MISSOURI | ) |
| | ) ss. |
| ST. CHARLES COUNTY, MISSOURI | ) |

### IN THE CIRCUIT COURT OF ST. CHARLES COUNTY, MISSOURI

_____ )
                        Plaintiff(s),  )
                                          )
vs.                                       )          Cause #_____
                                           )
_____ )
                        Defendant(s).  )

### CONSENT TO MEDIATION FORM

      I, the undersigned counsel of record in this case, hereby certify that I have discussed the subject of mediation under the Court's Alternative Dispute Resolution Program with my client(s) in this case and that:

\_\_\_\_\_    We believe that mediation would be helpful in this case and consent to the referral of the case to mediation upon the filing of similar consents by all other parties in the case.

\_\_\_\_\_    We do not consent to the referral of this case to mediation.

 

_____
Signature

_____
(Print Name)

Attorney for:

_____
(Party or Parties)

Date: _____

SB 7/10



IN THE 11TH JUDICIAL CIRCUIT COURT, ST. CHARLES COUNTY, MISSOURI

| Judge or Division:<br>RICHARD KEVIN ZERR | Case Number: 1611-CC00521 | **FILED**<br>JUN 29 2016<br>JUDY ZERR<br>CIRCUIT CLERK<br>ST CHARLES COUNTY<br>(Date File Stamp) |
|---|---|---|
| Plaintiff's/Petitioner:<br>S & A TIRE AND AUTO, INC. D/B/A<br>ELLISVILLE FIRESTONE<br><br>vs. | Plaintiff's/Petitioner's Attorney/Address<br>RONALD JAY EISENBERG<br>640 CEPI DRIVE SUITE A   48674<br>CHESTERFIELD, MO  63005 | |
| Defendant/Respondent:<br>A.U.L. CORP. | Court Address:<br>300 N 2nd STREET<br>SAINT CHARLES, MO  63301 | |
| Nature of Suit:<br>CC Other Miscellaneous Actions | | |

### Summons in Civil Case

The State of Missouri to:   A.U.L. CORP.
Alias:

NATIONAL REG. AGENTS, INC
120 SOUTH CENTRAL AVENUE
CLAYTON, MO 63105

30 CTCOR

**COURT SEAL OF**

ST. CHARLES COUNTY

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for Plaintiff/Petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

_____6/10/2016_____      /S/ Judy Zerr_____
Date                                         Clerk

Further Information:

### Sheriff's or Server's Return

Note to serving officer: Summons should be returned to the court within thirty days after the date of issue.
I certify that I have served the above summons by: (check one)
☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.
☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with _____ a person of the Defendant's/Respondent's family over the age of 15 years.
☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to _____ (name) _____ (title).
☒ other NATIONAL REGISTERED AGENTS, INC.   LORI A. CAIRNS
Served at _____ (address)
in   St. Louis County   (County/City of St. Louis), MO, on   JUN 21 2016   (date) at   9 AM   (time).

JUN 16 2016

_____           _____
Printed Name of Sheriff or Server                  Signature of Sheriff or Server

Must be sworn before a notary public if not served by an authorized officer:
Subscribed and sworn to before me on _____ (date).
(Seal)
My commission expires: _____           _____
                                                Date                                                Notary Public

**Sheriff's Fees**
Summons                                 $_____
Non Est                                     $_____
Sheriff's Deputy Salary
Supplemental Surcharge    $___10.00___
Mileage                                     $_____ (_____ miles @ $_____ per mile)
Total                                          $_____
A copy of the summons and a copy of the petition must be served on **each** Defendant/Respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

16-SMCC-4558

6/17

OSCA (7-08) SM30 (SMCC) *For Court Use Only:* Document Id # 16-SMCC-1001      1 of 1      Civil Procedure Form No. 1, Rules 54.01 – 54.05,
54.13, and 54.20; 506.120 – 506.140, and 506.150 RSMo