UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| S & A TIRE AND AUTO, INC. <br> d/b/a ELLISVILLE FIRESTONE, <br><br> Plaintiffs, <br><br> v. <br><br> A.U.L. CORP., <br><br> Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) No. 4:16 CV 1180 DDN <br> ) <br> ) <br> ) <br> ) |

**MEMORANDUM AND ORDER**
**DENYING MOTION TO DISMISS OR FOR SUMMARY JUDGMENT**

This action is before the court on the motion of defendant A.U.L. Corp. ("AUL") to dismiss plaintiff's claims under Federal Rule of Civil Procedure 12(b)(6), or, in the alternative, for summary judgment in AUL's favor under Rule 56. (ECF No. 15). The parties have consented to the exercise of plenary authority by the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). For the reasons set forth below, the court denies the motion.

**I. BACKGROUND**

In its Missouri state court petition (ECF No. 5) plaintiff S&A Tire and Auto, Inc. ("S&A") alleges the following. Defendant AUL provides service contracts in the automobile industry. On April 27, 2016, S & A received a facsimile transmission from defendant AUL. The fax contained a large header with AUL's logo and stated:

> Online Claims available to all licensed repair facilities!
>
> Hi Everyone,
> We now have 24/7/365 Online Claims available to all licensed repair facilities. This new feature available is a great tool for service departments to stay off the phone and stay in front of their customers.

> Visit aulcorp.com and click on the "Online Claims" icon located at the top right to register today!
>
> Questions contact AUL Web Support now for a web demonstration at 800.826.3204, Ext 460 or at websupport@aulcorp.com.
>
> Some good things to know about AUL Online Claims:
>
> - Fast, secure, and, convenient way of filing AUL claims
> - Available online 24/7, no need to get on the phone
> - Smart phone or tablet capabilities
> - Easy access to view, edit or print claims submitted
> - Upload supporting pictures or files
> - Ability to create online claims accounts for employees, giving you the opportunity to view all your AUL Claims in one place
>
> Thank you,
>
> AUL Corp.
>
> Copyright © 2016 AUL CORP. All rights reserved. Our mailing address is: 1250 Main St. #300, Napa, CA 94559

(ECF No. 5, Ex. 1). Plaintiff seeks relief against AUL under the federal Telephone Consumer Protection Act of 1991 (TCPA), 47 U.S.C. § 227, on behalf of itself and all others similarly situated. More specifically, plaintiff alleges defendant's fax transmission violated the TCPA, because defendant used a telephone facsimile machine or similar device to send the unsolicited fax transmission as an advertisement for defendant's work or operations. Plaintiff further alleges that the fax transmission lacked a legally sufficient notice informing the recipient of the ability and means to avoid future unsolicited advertisements. (*Id.*).

## II. MOTION TO DISMISS

Defendant AUL moves to dismiss the petition because AUL and plaintiff had an ongoing business relationship and the fax at issue was not an advertisement under the

TCPA. Plaintiff counters that it has pled facts sufficient to state a claim under the TCPA and that the motion to dismiss is impermissibly based on matters beyond the complaint.

a. **Legal Standard**

A motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6) challenges the legal sufficiency of the claim. To survive a Rule 12(b)(6) motion to dismiss, the pleading must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). This plausibility standard requires the pleading to contain "more than labels and conclusions." *Id.* at 555. It must contain "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In determining whether this standard is met, the court accepts the allegations in the pleading as true and views them liberally in the light most favorable to the plaintiff. *Eckert v. Titan Tire Corp.*, 514 F.3d 801, 806 (8th Cir. 2008).

The court may not consider matters outside the pleadings on a motion to dismiss, unless the motion is considered one for summary judgment under Rule 56. Fed. R. Civ. P. 12(d). The facsimile document attached to plaintiff's petition as an exhibit is not considered as being outside the pleadings; it may be considered on the issue of whether plaintiff's petition states a claim on which relief can be granted. Fed. R. Civ. P. 10(c) ("A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes.").

b. **Discussion**

The TCPA prohibits the use of a fax machine to send unsolicited advertisements. 47 U.S.C. § 227(b)(1)(C). An unsolicited advertisement is "any material advertising the commercial availability or quality of any property, goods, or services which is transmitted to any person without that person's prior express invitation or permission, in writing or otherwise." *Id.* at § 227(a)(5). The TCPA provides an exception in which it is

3

permissible to send an unsolicited advertisement: if (1) the ad is from a sender with an established business relationship with the recipient, (2) the recipient has voluntarily communicated its fax number, *and* (3) the ad contains an "opt-out" notice. *Id.* at § 227(b)(1)(C). Private parties who have received unsolicited advertisements in violation of the TCPA may bring an action for an injunction or money damages. *Id.* at § 227(b)(3).

Defendant argues that the subject fax is not an unsolicited advertisement, because it did not promote the purchase of a new service; it only invited online participation from an existing customer. This argument in effect denies the facts pled by plaintiff. It is in the vein of an answer to plaintiff's allegations, not an affirmative defense that the plaintiff's claim, even if true, fails as a matter of law. *See* Fed. R. Civ. P. 12(b)(6).

When viewing the facts pled by plaintiff in the light most favorable to plaintiff, they are sufficient to state a claim under the TCPA. First, the plaintiff alleges that no established business relationship existed between AUL and the class members, including plaintiff. (ECF No. 5, ¶ 29). Second, AUL's fax announced to recipients that its commercially available service contracts had a new feature: online claims. (ECF No. 5, Ex. 1). The fax explicitly invited recipients to visit AUL's website to register for this feature and promoted the feature's speed, security, convenience, accessibility, and 24/7 availability.

Several courts have found faxes inviting online participation to be advertisements under the TCPA when that participation promoted commercial activity. *See, e.g., Neurocare Inst. Of Cent. Florida, P.A. v. Healthtap, Inc.*, 8 F. Supp. 3d 1362, 1367 (M.D. Fla. 2014) (where fax invited doctors to participate in a website answering medical questions posed by the public, which would presumably enable the physicians to build their practice's clientele) ; *G.M. Sign, Inc. v. MFG.com, Inc.*, No. 08 C 7106, 2009 WL 1137751, at *3 (N.D. Ill. Apr. 24, 2009) (where fax invited recipients to join a free online marketplace in hopes of connecting buyers and sellers of goods and services).

The facts as pled are sufficient for the court to infer that AUL sent the fax to induce its recipients, including plaintiff, to use AUL's commercially available services. Taking the facts plaintiff pled as true, the court cannot find at this stage that the fax falls

outside the definition of "unsolicited advertisement" as a matter of law. Based on the pleadings, it also cannot find that the parties had an established business relationship. The motion to dismiss is therefore denied.

### III.  SUMMARY JUDGMENT

Defendant argues in the alternative that it is entitled to summary judgment because there is no genuine issue of fact as to (1) the on-going business relationship between it and plaintiff and (2) the nature of the fax as an advertisement. Plaintiff's response disputes both of these facts and argues that the motion for summary judgment is premature. The court agrees.

**a.  Legal Standard**

Summary judgment is appropriate "if there is no dispute of material fact and reasonable fact finders could not find in favor of the nonmoving party." *Shrable v. Eaton Corp.*, 695 F.3d 768, 770 (8th Cir. 2012); *see also* Fed. R. Civ. P. 56(a). The party moving for summary judgment must demonstrate the absence of a genuine issue of material fact and that it is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986). To implement Rule 56, this court's local rules require a motion for summary judgment to have a separate statement of uncontroverted material facts, set forth in separately numbered paragraphs. E.D.Mo. L.R. 4.01. In response, the non-moving party must demonstrate that disputes of fact do exist. *Id.* "Evidence, not contentions, avoids summary judgment." *Reasonover v. St. Louis County, Mo.*, 447 F.3d 569, 578 (8th Cir. 2006).

**b.  Discussion**

Defendant's motion fails to demonstrate that it is entitled to judgment as a matter of law. First, the motion does not include the required statement of uncontroverted material facts. Also, the motion fails to demonstrate that the material facts are beyond dispute. The defendant's proffered facts indicate only that AUL had an "existing business

5

relationship" with plaintiff at the time the fax was sent. Even if this fact is undisputed, AUL would not be entitled to judgment as a matter of law. By itself, an existing business relationship with plaintiff does not establish that the subject fax was not an unsolicited ad. The existing business relationship exemption upon which AUL relies does not render an advertisement unsolicited. 42 U.S.C. § 227(b)(1)(C). Instead, it allows a party who has an existing business relationship with a fax recipient to lawfully fax them an unsolicited ad if the recipient has voluntarily communicated its fax number and the ad contains an "opt-out" notice. *Id. See also In re Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991 Junk Fax Prevention Act of 2005*, 21 F.C.C. Rcd. 3787, 3798 (2006). Putting the question of how AUL obtained plaintiff's fax number aside, the fax at issue does not contain an opt-out notice. Accordingly, the court cannot hold that the business relationship exemption entitles defendant to summary judgment as a matter of law.

Considering that the actual content of the subject fax is undisputed, and while defendant's arguments that this was an informational or transactional communication, not a commercial ad, may have some merit, the record does not establish that other relevant facts are not in dispute, e.g., the specific nature of the relationship between plaintiff and defendant and whether the fax was an informational update regarding an existing, ongoing account. Summary judgment is therefore not appropriate at this time.

## **ORDER**

For the foregoing reasons,

**IT IS HEREBY ORDERED** that defendant's motion to dismiss or for summary judgment (ECF No. 15) is denied.

                                      /S/   David D. Noce
                            **UNITED STATES MAGISTRATE JUDGE**

Signed on January 24, 2017.